## BAILEY *a.* LANE.

*Supreme Court, First District ; General Term, October,* 1861.

SHAM AND IRRELEVANT ANSWER. — EXCESSIVE INTEREST TAKEN BY MISTAKE.—WRITTEN INTEREST NOT TO BE VARIED BY CONTEMPORANEOUS PAROL AGREEMENT.

An objection that a motion is noticed to strike out several defences as frivolous and also as sham, without specifying which defence is moved against as sham and which as frivolous, is untenable. It is the better practice to state in the notice on what ground the party applies.

In an action upon a promissory note, where the defence of usury was interposed, the alleged usury consisting of a reservation of $61.44 for the interest on a loan of $5,000 for sixty days, the plaintiffs by affidavit established that nothing was said about interest when the loan was made, and that if more than seven per cent. had been taken, it was done by mistake ; and the defendants in their opposing affidavits made no denial that the occurrence was by mistake, and failed to state any facts which would constitute an agreement to take more than lawful interest. *Held,* that this defence should be stricken out as sham.

In an action upon a promissory note, a defence setting forth an agreement contemporaneous with the execution of the note, to renew the note at maturity, is irrelevant, and should be stricken out under section 152 of the Code.

In an action upon a promissory note against the indorsee, the answer denied knowledge or information sufficient to form a belief of demand of payment of the note from the maker at maturity, and of due notice of non-payment ; the plaintiff submitted affidavits of the notary who protested the note, and of his clerk to prove the demand of payment, refusal, protest, and due notice by mail. The defendant made affidavit that his answer was put in in good faith, and that it was true to the best of his knowledge and belief, but omitted to state any facts warranting his belief. *Held,* on motion to strike out this defence as sham, that the answer was sufficient, and should stand.

Appeal from an order striking out answers as sham and irrelevant.

This action was brought upon a promissory note made by the defendants Lane and Guild, and indorsed by the defendant Robert Lane. The makers and the indorser answered separately, setting up defences which are sufficiently stated in the opinion of Mr. Justice Leonard. The plaintiffs moved at special term for judgment on account of the frivolousness of the answers, or

defences therein; or if judgment be not given for the plaintiffs on account of the frivolousness of the answers or defences, then for an order striking out said answers or defences, and each of them, as sham and irrelevant. This motion was granted, and the following decision rendered.

LEONARD, J.—The objection that the motion is noticed to strike out several answers as frivolous, and also as sham, without specifying which answer is moved as sham, and which as frivolous, cannot prevail since the decision in People, &c. *a.* McCumber (18 *N. Y.*, 315).

It is the better practice to state in the notice on what ground the party applies.

There are two defences interposed by Lane and Guild. The first is usury.

The usury is alleged to consist in taking $61.44 for the interest on a loan of $5,000 for sixty days. The sum reserved for interest appears to be a trifle over seven per cent. per annum.

The plaintiffs swear that nothing was said about interest when the loan was made, and if more than seven per cent. has been taken, it was done by mistake.

The answer is not frivolous; it was sufficient to require a trial, and the defendants would there hold the affirmative, and must produce evidence to sustain their defence.

The plaintiffs now undertake, in advance of the trial, to prove a negative. They offer the details of the transaction about the loan, and show that nothing was said about interest, and that the small sum taken in excess of interest occurred by mistake in computation, if at all.

This amounts to a charge that the defendants are availing themselves of the forms of law to obstruct the plaintiffs in obtaining their rights, and that, by these forms, a trial is demanded of an issue which has no real existence.

The defendants were called on by the affidavits of the plaintiffs to show the details which establish the alleged conclusion of usury, and that the sum taken by plaintiffs, in excess of the lawful interest, did not occur by mistake.

The defendants have come forward and made their statement of the details; but they make no denial that the occurrence was

by mistake, and they wholly fail to state any facts which would constitute any agreement to take more than lawful interest. They reiterate the conclusion, that the plaintiffs did take usury, but the details which, in their opinion, will justify them in making such a statement under oath, are wholly wanting.

The defence of usury is, therefore, stricken out as sham.

The second defence sets forth an agreement by the plaintiffs to renew the note upon which the action is brought. Such an agreement is wholly inconsistent with the terms of the note.

This issue is therefore wholly irrelevant, and must be stricken out under section 152 of the Code. (Fleury a. Roget, 5 *Sandf.*, 646.)

The answer of Robert Lane, the indorser, contains the same defences as those above mentioned, and also a denial, for the want of knowledge or information sufficient to form a belief, of demand of payment of the note from the makers at maturity, and of due notice of non-payment, and also a denial that he indorsed the note to the plaintiffs for value.

Those defences which are identical with the answer of the makers of the note, of course have the same result, and are stricken out.

The denial that the note was indorsed for value is also irrelevant. An accommodation indorsement is as valid as any, where the parties for whom it was made have received full value, according to the intention of the indorser.

The affidavits of the notary and his clerk prove the demand of payment and refusal, and the deposit of notice thereof in the post-office in this city, postage pre-paid, properly directed to the indorser. Nothing is stated by the indorser to cast the faintest shadow on the truth of this evidence.

He swears that he put in his answer in good faith, and that it is true to the best of his knowledge and belief, but he omits to give a single fact that warrants his belief.

I think that the defendant is bound to show some facts to induce the court to believe that he may, possibly, at least, have some evidence to offer at the trial to sustain his defence, or that he has some grounds to believe that the plaintiffs' proof will fail to sustain their case, before the court can be invoked to permit a trial on his issues, when the plaintiffs show, by affidavits, that

their right to a recovery is complete, and that there are no facts existing which can, by any possibility, sustain the defence.

The motion is granted, with costs.

From this decision, and the order entered thereon, the defendants appealed to the general term.

*S. T. Freeman*, for the appellants.

*Crary & Elmore*, for the respondents.—I. Separate answer of makers of note. 1. The answer of usury is sham. The plaintiffs' affidavits detail the circumstances of the transaction, and show that the subject of interest was not spoken of by the parties, and that if more than the exact interest was taken, it was done by mistake of all the parties concerned. The plaintiffs' affidavits, upon this point, are not denied. The excess of interest, admitting that the plaintiffs received the $61.44, is quite trifling, being only about one day's interest on the $5,000 loaned. 2. The second defence alleged is irrelevant. It is not merely a contradiction of the written contract between the parties, but so far as the time for the performance of the contract is concerned, it is the substitution of an independent agreement. Such a defence has been declared irrelevant by the Superior Court, all the judges concurring. (Fleury *a.* Roget, 5 *Sandf.*, 646.) The authorities are numerous, also, to show that the agreement is void, being inconsistent with and contradictory of the written note or contract. Erwin *a.* Saunders (1 *Cow.*, 249) is an analogous case to this; and the court, in that case, refer to a case in 3 *Campb.*, 57, where Lord Ellenborough said: "The parol condition is quite inconsistent with the written instrument. The condition for a renewal entirely contradicts the instrument which the defendant has signed. There may, after a bill is drawn, be a binding promise for a valuable consideration to renew it when due. But if the promise is contemporaneous with the drawing of the bill, the law will not enforce it. This would be incorporating with a written contract an incongruous parol condition, which is contrary to first principles." The following cases also are in point, to show the irrelevancy of the defend ants' defence: Frost *a.* Everett (5 *Cow.*, 497); Farmers & Man ufacturers' Bank *a.* Whinfield (24 *Wend.*, 419); Payne *a.* La-

Bailey *a.* Lane.

due (1, *Hill*, 116); Brown *a.* Hull (1 *Den.*, 400); Busbank *a.* Beach (15 *Barb.*, 326); Hunt *a.* Bloomer (5 *Duer*, 202); Van Allen *a.* Allen (1 *Hilt.*, 524); Gridley *a.* Dale (4 *Comst.*, 486).

II. The separate answer of the indorser Robert Lane. 1. The first answer is a denial of any knowledge or information sufficient to form a belief as to the facts showing demand of payment of the makers and notice of non-payment given to the indorser. This defence is sham. The plaintiffs produce the affidavits of the notary and the person making the service of the notice, showing due presentment and notice of non-payment. To this the indorser interposes no counter-affidavits or other proof whatever, and the answer must be held to be sham. Besides, the plaintiffs show a fact which the defendants admit, viz., that the defendants Lane and Guild (the makers), shortly before the maturity of the note in suit, made an assignment for the benefit of their creditors, giving preference to the defendant Robert Lane (the indorser), who accepted the trust, and has since been discharging his duty as assignee, and that the identical claim mentioned in the complaint is one of those directed to be paid by the assignment. These facts admitted, the authorities show that no demand of payment and notice of protest was necessary. (Mechanics' Bank *a.* Griswold, 7 *Wend.*, 165; Seacord *a.* Miller, 3 *Kern.*, 55; Bruce *a.* Lytle, 13 *Bast.*, 163; also cases entered in 1 *Abbotts' Dig.*, 461.) 2. The second defence of the indorser is the same as the second defence of the makers, and the same objection applies to it. (See *supra.*) 3. The objections that the notice does not specify which answer is sham, frivolous, or irrelevant, cannot prevail. (See People *a.* McCombe, 18 *N. Y.*, 315.)

BY THE COURT.*—The defence of usury was properly stricken out. The answer does not set up any usurious agreement intended as such, and the plaintiffs show by affidavit that the error was made by the clerk in calculating the interest, and was not intended as usury. The defendants in no way contradict the statement.

As to the second defence, the agreement to receive the notes was made simultaneously with or before the making of the

---

* Present, CLERKE, P. J., INGRAHAM and LEONARD, JJ.

notes, and, not being in writing, was insufficient to vary the legal effect of the notes. The defence set up was therefore frivolous.

The answer as to the want of protest was sufficient, and we think should stand.

The order modified, so as to strike out all the answer of Lane and Guild, and all of Robert Lane except the first defence, without costs of this appeal.